UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMED BOUDALI<br><br>               Plaintiff,<br><br>  -against-<br><br>DANIEL ABA and DANIEL NISANOV,<br><br>               Defendants. | No.  25-8475<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Mohamed Boudali, by and through his attorneys Kaufman Lieb Lebowitz & Frick, alleges as follows:

## PRELIMINARY STATEMENT

1. This case is about accountability for the worst night of Plaintiff Mohamed Boudali's life—a night that started as a social evening with a friend, but ended with police officers handcuffing and arresting him *in the emergency room* as he sought medical treatment for severe facial fractures and injuries.

2. On the night of the incident, Mr. Boudali and a friend were speaking Arabic outside of a Chelsea nightclub when a group of four men, including Defendants Daniel Aba and Daniel Nisanov, approached them.

3. The Defendants began conversing with Mr. Boudali and flirting with his friend. When she rejected their advances, they began to harass, intimidate, stereotype, and accost Mr. Boudali and his friend.

4. As Mr. Boudali and his friend were getting into an Uber to leave the nightclub, Defendant Aba approached Mr. Boudali and punched him in the face with a blunt object, spraying blood everywhere and causing Mr. Boudali intense pain.

5. The friend called 911, and Mr. Boudali was taken to the hospital for medical treatment.

6. Later that night, as Mr. Boudali was obtaining medical treatment, Defendant Nisanov lied to the New York City Police Department (NYPD) officers about the assault, causing Mr. Boudali to be arrested, jailed, and prosecuted.

7. The Manhattan District Attorney's office dropped the case against Mr. Boudali after investigating the incident further.

8. The attack and his subsequent arrest caused Mr. Boudali significant and lasting physical and psychological damage.

9. This action seeks justice and accountability on behalf of Mr. Boudali.

## PARTIES

10. Plaintiff Mohamed Boudali is a 41-year old man who resides in San Francisco, California, and is a citizen of Tunisia.

11. Defendant Daniel Aba is a resident of New York, New York.

12. Defendant Daniel Nisanov is a resident of New York, New York.

## JURISDICTION AND VENUE

13. The subject matter jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1332(a)(1) and/or (a)(2) because the dispute is between citizens of different countries, and the amount in controversy exceeds $75,000.

14. The acts complained of occurred in the Southern District of New York, and venue in this Court is proper under 28 U.S.C. § 1391(b).

## JURY DEMAND

15. Plaintiff demands a trial by jury in this action.

**FACTUAL ALLEGATIONS**

*Statement of Facts*

16.     Mr. Boudali is a 41-year old man who was born in Tunisia. At the age of 37, Mr. Boudali moved to the United States seeking asylum.

17.     Mr. Boudali currently resides in San Francisco, where he works in marketing for an AI-powered travel agency.

18.     On October 20, 2024, Mr. Boudali was visiting New York City while on a layover on his way to Miami, Florida.

19.     The night before Mr. Boudali's flight, Mr. Boudali and his friend, Dora El-Arbi, went to a night club, Somewhere Nowhere, located at 112 W. 25th Street in Manhattan.

20.     At approximately 2:00 am, Mr. Boudali and Ms. El-Arbi decided to head back to their hotel, so they called an Uber and waited outside of Somewhere Nowhere, speaking in Arabic.

21.     While they spoke, Mr. Boudali and Ms. El-Arbi witnessed a group of four men, including Defendant Nisanov and Defendant Aba, cat-calling and harassing women outside of the club.

22.     One of the men approached Mr. Boudali and Ms. El-Arbi, asked them questions, and spoke casually with them.

23.     Shortly thereafter, three other men approached the group and began to show romantic interest in Ms. El-Arbi.

24.     Ms. El-Arbi rejected their advances.

25.     Instead of walking away, Defendant Nisanov flashed his middle finger and began to spew anti-Arab epithets at Mr. Boudali and Ms. El-Arbi, saying, "Fuck

Palestine," calling Ms. El-Arbi a "Palestinian whore," and saying, "the only thing Arabs are good for are halal trucks," among other derogatory statements.

26. Defendant Nisanov started to make aggressive gestures and began to get within inches of Ms. El-Arbi suggesting he was planning to physically injure her.

27. Mr. Boudali stepped in between Ms. El-Arbi and the group of men as they got more aggressive and threatening.

28. Somewhere Nowhere security subsequently intervened and separated the two groups.

29. Moments later, Mr. Boudali and Ms. El-Arbi's Uber arrived, and they began to get into the car.

30. As they were entering the car, three of the men, including Daniel Nisanov, again approached, yelling more anti-Arab epithets.

31. Contemporaneously, Defendant Aba snuck up behind Mr. Boudali and punched him in the face with a hard object.

32. The impact from the hit sprayed blood on the Uber and the ground.

33. Mr. Boudali cried out in tremendous pain, recoiled from the strike, and cupped his nose to stop the flow of blood.

34. Mr. Boudali then gave Ms. El-Arbi his phone to call 911 and sat down on the curb, bleeding and waiting for the 911-responders to arrive.

35. At the same time, the four men, including the Defendants, immediately fled the scene.

36. Ms. El-Arbi followed the four men, including the Defendants, and recorded them fleeing.

37. At approximately 2:36 am, emergency responders arrived. They treated Mr. Boudali by giving him ice, taking his vital signs, and escorting him to a nearby restroom to wipe the blood from his face.

38. Mr. Boudali spoke with one or more NYPD officers for less than a minute about the attack before he was taken to the hospital in an ambulance for further medical treatment.

39. Shortly thereafter, Ms. El-Arbi returned from following the Defendants and discussed the attack and the events leading up to it with one or more NYPD officers.

40. While Ms. El-Arbi was talking to the NYPD, she saw Defendant Nisanov get into a Mercedez Benz with a New York license plate number KHG2219.

41. Ms. El-Arbi approached the Mercedez Benz and gestured for the NYPD officers to stop Defendant Nisanov from leaving.

42. One or more NYPD officers began to question Defendant Nisanov about the events.

43. In response to police questioning, Defendant Nisanov knowingly and intentionally lied to the police about the attack.

44. Defendant Nisanov knowingly and intentionally told the police that Mr. Boudali harassed him and the other Defendants and asked if he was from "Isra-hell," which was untrue.

45. Defendant Nisanov knowingly and intentionally lied to the police with the knowledge and intent that the information would be used to arrest and prosecute Mr. Boudali.

46. As one or more NYPD officers were questioning him, Defendant Nisanov continued spewing anti-Arab epithets in front of NYPD officers, and said, in sum and

substance, to Ms. El-Arbi, "Do you know who I am?" "I am going to get your friend arrested," and "we own three buildings in the city."

47. Defendant Nisanov also told the police officers he knew someone who worked for or with the NYPD.

48. Mr. Boudali never made comments about Israel or the national origin or religion of any of the men who attacked him.

49. Based on this false information provided by Mr. Nisanov, the NYPD officers went to the hospital where Mr. Boudali was being treated for his injuries and placed him under arrest.

50. Mr. Boudali was held in custody for over 24 hours.

51. During his detention, Mr. Boudali had to be escorted back to the hospital because he lost feeling in his face.

52. After being given pain medication, Mr. Boudali was returned to a holding cell where he was kept until the next day.

53. Mr. Boudali missed his flight to Miami because he was in jail.

54. Mr. Boudali was charged with aggravated harassment.

55. No one else was arrested that night.

56. Mr. Boudali suffered damages in the form of physical, emotional and psychological injuries, medical costs, lost wages, and forfeited travel costs.

57. Mr. Boudali was traumatized from being attacked and experienced extreme stress, depression, anxiety, embarrassment, and fear.

58. Mr. Boudali suffered from multiple fractured facial bones, including a fracture of his nasal process, left and right nasal bone, and left eye socket.

59. Mr. Boudali suffered extreme pain on the left side of his face accompanied by swelling, internal hemorrhaging, black eyes, a deviated nasal bridge, face numbness, and difficulty breathing.

60. Mr. Boudali's swelling and black eyes persisted for two weeks.

61. Mr. Boudali continues to have piercing headaches that cause him to vomit a few times a month, persistent difficulty breathing, and a scratch to his eye.

62. Mr. Boudali's doctors have said he will need facial surgery to fix his deviated nasal bridge and to alleviate his breathing difficulties.

63. Mr. Boudali had to postpone his flight out of New York to Miami for seven days based on his doctor's advice that flying would increase the risk of exacerbating his injuries.

## FIRST CAUSE OF ACTION
### New York State Law - Battery
### Against Defendant Daniel Aba

64. Plaintiff realleges the preceding paragraphs as if set forth here.

65. Defendant Aba committed willful, unwanted, and intentional battery upon Plaintiff Boudali by punching him in the face with a hard object.

66. Plaintiff Boudali did not consent to Defendant Aba's wrongful physical contact.

67. As a direct and proximate result of Defendant Aba's actions, Plaintiff Boudali sustained injuries.

## SECOND CAUSE OF ACTION
### New York State Law - Assault
### Against Defendant Daniel Aba

68. Plaintiff realleges the preceding paragraphs as if set forth here.

69. Defendant Aba intentionally placed Plaintiff Boudali in fear of imminent harmful or offensive contact.

70. As a direct and proximate result of Defendant Aba's action, Plaintiff Boudali sustained damages.

### THIRD CAUSE OF ACTION
### Victims of Violent Crime Protection Act
### N.Y.C. Admin. Code § 10-403
### Against Defendant Daniel Aba

71. Plaintiff realleges the preceding paragraphs as if set forth here.

72. Defendant's assault and battery of Plaintiff constitute misdemeanors and/or felonies against Plaintiff as defined in state or federal law – specifically, assault in the third degree under N.Y. Penal Law § 120.00.

73. Defendant Aba's acts therefore constituted a "crime of violence" pursuant to N.Y.C. Admin. Code § 10-402.

74. Defendant's acts were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights, for which Plaintiff is entitled to an award of punitive damages.

75. As a result of Defendant Aba's actions, Plaintiff Boudali has suffered damages.

76. Plaintiff is entitled to recover attorneys' fees and costs pursuant to N.Y.C. Admin. Code § 10-403.

### FOURTH CAUSE OF ACTION
### New York State Law – False Arrest
### Against Defendant Daniel Nisanov

77. Plaintiff realleges the preceding paragraphs as if set forth here.

78. Defendant Nisanov intended to confine Plaintiff Boudali and instigated his arrest by providing false information to the police to effectuate his arrest.

79. Defendant Nisanov knew the information he gave to police was false when he gave it.

80. Mr. Boudali did not consent to his arrest, and it was not otherwise privileged.

### FIFTH CAUSE OF ACTION
### New York State Law – Malicious Prosecution
### Against Defendant Daniel Nisanov

81. Plaintiff realleges the preceding paragraphs as if set forth here.

82. Defendant Nisanov knowingly and intentionally gave false information to NYPD officers about Plaintiff Boudali's actions, and at the time Defendant Nisanov knew the information he gave to the NYPD officers was a lie.

83. Defendant Nisanov gave false information to the NYPD officers about Plaintiff Boudali with the intent that the information given be used to arrest and prosecute Plaintiff Boudali.

84. Based on Defendant Nisanov's false information, Plaintiff Boudali was prosecuted for Aggravated Harassment in the Second Degree, and there was a termination of the criminal proceeding favorable to Plaintiff Boudali thereafter.

85. Defendant Nisanov lacked probable cause to believe that Mr. Boudali committed the crime of aggravated harassment.

86. Defendant Nisanov gave false information to NYPD officers with malice.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1. Compensatory damages in an amount to be determined at trial;

2. Punitive damages in an amount to be determined at trial;

3. An award of attorneys' fees and costs incurred in this action pursuant to N.Y.C Admin Code § 10-403; and

4. Directing other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

Dated:   October 14, 2025
         New York, New York

                                            KAUFMAN LIEB LEBOWITZ &
                                            FRICK LLP


                                            _____/s/_____
                                            Raymond Durham
                                            Alanna Kaufman
                                            18 E. 48th Street, Suite 802
                                            New York, New York 10017
                                            (212) 660-2332