**Kaufman
Lieb
Lebowitz &
Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

July 9, 2026

**Via ECF**
Hon. Mary Kay Vyskocil
U.S. District Court | Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/15/26
```

Re: *Boudali v. Aba and Nisanov*, No. 25 Civ. 8475 (MKV)

Your Honor,

This firm represents Plaintiff Mohamed Boudali in this case. Pursuant to the Court's Individual Rules and Local Civil Rule 37.2, we submit this pre-motion letter to respectfully request that the Court compel Defendant Daniel Nisanov to produce discovery in this matter.[1]

This case is about an October 21, 2024 incident in which Defendant Aba struck Mr. Boudali in the face outside of a Manhattan nightclub, fracturing his facial bones. While Mr. Boudali was being treated at the hospital, Defendant Nisanov lied to NYPD officers and said Mr. Boudali harassed him and pushed him in the face, causing Mr. Boudali to be falsely arrested and prosecuted for aggravated harassment. Mr. Boudali brought claims against Defendant Aba for battery, assault, and violation of the Victims of Violent Crime Protection Act, N.Y.C. Admin. Code § 10-403, and against Defendant Nisanov for false arrest and malicious prosecution.

For the past three months, Plaintiff has received only one, single document from Defendant Nisanov. Plaintiff sent discovery requests to both Defendants on March 10, 2026. Defendants requested a two-week extension to respond to those requests, which Plaintiff granted. Defendants responded to Plaintiff's requests on April 22, but produced no documents. In particular, Defendant Nisanov objected to every single request with substantially the same boilerplate language and stated that the only document he had responsive to Plaintiff's requests was the supporting deposition he signed for the NYPD. Ex. A. He did not produce that document until more than a month later.

---

[1] On June 26, 2026, Plaintiff's counsel sent Defendants' counsel a version of this pre-motion letter addressing discovery deficiencies by both Defendants and requesting their positions. The parties subsequently met and conferred on June 30, after which Defendant Aba delivered supplemental discovery material. Plaintiff is in the process of reviewing that material and reserves the right to seek the Court's intervention as to outstanding deficiencies. Defendant Nisanov neither provided supplemental discovery nor provided his position to be included in this letter, despite Plaintiff's repeated representations that we would file the letter on this date.

Alanna Kaufman* • Douglas E. Lieb‡ • David A. Lebowitz • Alison Frick*

Alyssa Isidoridy • Ray Durham† • Shirley LaVarco**

*Also admitted in New Jersey  ‡Also admitted in California and Connecticut  †Also admitted in Maryland  **Only admitted in New Jersey and

Kaufman Lieb Lebowitz & Frick                                                    July 9, 2026
Page 2 of 2

Plaintiff sent Defendants a discovery deficiency letter on May 8, 2026. The parties met and conferred on May 18, during which counsel for Defendant Nisanov agreed to produce additional responsive documents and update his responses to Plaintiff's interrogatories. Ex. B. On May 22, Plaintiff sent Defendant Nisanov an interrogatory seeking his cell phone number and phone carrier information. Defendant Nisanov has not responded to this request. Plaintiff now seeks to compel this discovery.

Defendant Nisanov has not complied with his discovery obligations, despite Plaintiff's repeated attempts to obtain compliance without Court intervention. On May 20, Defendant Nisanov's counsel stated that he had spoken with Defendant Nisanov, and would produce documents shortly. He then followed up to confirm that he would produce documents on May 22. On May 22, he said he would provide production "late tonight." The next day, he responded: "Ran out of time. Will get responses to you tomorrow." After four days of silence, on May 27, Plaintiff followed up and asked for the supplemental production. In response, Defendant Nisanov's counsel produced one document, the supporting deposition his client signed concerning the criminal complaint against Mr. Boudali. He stated further that he is "working on further responses." The next week, Plaintiff circled back and again asked for supplemental production from Defendant Nisanov. Plaintiff received no response. Plaintiff again asked for the supplemental production on June 12. Defendant Nisanov responded on June 15, again stating, "I will have further responses to you by late tomorrow." Plaintiff again received nothing.  On June 22, Plaintiff again asked for supplemental production, and did not hear back.

Plaintiff sent a draft of this pre-motion letter to Defendants on June 26, 2026, requesting they incorporate their positions so Plaintiff could file jointly per the Court's Individual Rules. The parties conferred on June 30, 2026 in an effort to avoid court involvement. Defendant Nisanov's counsel assured Plaintiff that he would produce responsive documents the next day. Despite his assurances and Plaintiff's follow-up emails, he still has not produced responsive documents, nor has he provided his position for this letter. Ex. C.

Despite Plaintiff's good faith efforts to resolve these discovery disputes, Defendant Nisanov has not complied. In all, he produced only *one* responsive document. Plaintiff has noticed Defendant Nisanov's deposition for August 10, 2026 in order to comply with the upcoming fact discovery deadline, and he is entitled to review his document productions in advance. As such, Plaintiff now respectfully requests the court to compel Defendant Nisanov to produce the agreed-upon documents by no later than July 16, 2026, or to otherwise provide appropriate relief the court deems proper.

Respectfully submitted,

/s/Ray Durham
Ray Durham
Alanna Kaufman

The Court allowed time for Defendant Nisanov to file a response to Plaintiff's letter, but Defendant has not done so.  As such, based on the uncontested representations of Plaintiff's counsel, IT IS HEREBY ORDERED that Defendant Nisanov must produce responsive discovery required by Rule 37 of the Federal Rules of Civil Procedure by July 22, 2026.  **As the Court has previously warned the parties [ECF No. 27], failure to comply with court orders, the Federal Rules, the Local Rules, and the Court's Individual Rules may result in sanctions, including monetary penalties on counsel and the parties; preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal and default judgment.**

Date: July 15, 2026
New York, New York

Mary Kay Vyskocil
Mary Kay Vyskocil
United States District Judge